BATE REFRIGERATING Co. *v.* GILETT and others.

*(Circuit Court, D. New Jersey.* August 19, 1885.)

PATENTS FOR INVENTIONS—VIOLATION OF INJUNCTION—CONTEMPT—ATTACHMENT.
   Motion for attachment of defendants, for contempt of court in violating an injunction, refused; the affidavits not showing personal service of the motion on defendants, except upon one of them, and the evidence showing conclusively that the one so served had no control as agent over the parties alleged to have continued to infringe complainant's patent after issuance of the injunction.

Attachment for Contempt.
*Dickerson & Dickerson,* for the motion.

*John R. Bennett* and *Geo. De Forest Lord, contra.*

NIXON, J. On November 14, 1881, an injunction was issued by this court against the defendants in the above-stated suit, commanding them, and each of them, to desist from making, using, selling, or in anywise counterfeiting or imitating the invention or improvement described in and secured by the letters patent No. 197,314, for "improvement in processes for preserving meats during transportation and storage," issued to John J. Bates, November 20, 1877, and by the patentee assigned to the complainant corporation. Application is now made to the court for an attachment against Vernon H. Brown, individually, and Vernon H. Brown, Albert H. Brown, Vernon C. Brown, and George F. Wilde, members of the firm of Vernon H. Brown & Co., the general agents in the United States for the Cunard Steam-ship Company, and each of them, for contempt of court in violating the said injunction. It does not appear by the affidavits filed that either of said persons named, except Vernon H. Brown, has had a personal notice served upon him of the motion in this case. Instances have doubtless arisen, and will again arise, where a substituted service has been and will be accepted by the court in the place of a personal service; but the proper practice in all such cases is to apply to the court, assign satisfactory reasons, and thus obtain its order in advance for the substituted service. No step of the kind was taken in the present case.

Evidence has been offered to show that the Cunard Steam-ship Company has violated the injunction by shipping on board two of its steamers, to-wit, the Cephalonia and Catalonia, plying between the port of Boston, in the United States, and the port of Liverpool, in England, meats placed in refrigerators embodying the process of the complainant's patent. But the proof is clear and undisputed that Vernon H. Brown, who was personally served with notice to appear and show cause, has no control over the cargoes of the said steamer, and was not responsible for the acts complained of.

The motion for an attachment must be refused.